UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
L & S REALTY CO., LLC,

                              Plaintiff,                      **MEMORANDUM**
    -against-                                           **AND ORDER**

THE TOWN BOARD OF THE TOWN OF      23-CV-6848 (GRB)(SIL)
HEMPSTEAD and DEPARTMENT OF
BUILDINGS OF THE TOWN OF
HEMPSTEAD,

                            Defendants.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

       Presently before the Court in this civil rights action, is Plaintiff L&S Realty Co., LLC's ("Plaintiff or "L&S") Motion for Leave to Amend the Complaint, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 15(a).  *See* Plaintiffs' Motion to Amend the Complaint ("Plaintiffs' Motion" or "Pl. Mot."), Docket Entry ("DE") [20]. By way of Complaint dated September 14, 2023, Plaintiff commenced this action against Defendants the Town Board of the Town of Hempstead (the "Town Board") and Department of Buildings of the Town of Hempstead ("Buildings Department," together, "Defendants") alleging, pursuant to 42 U.S.C. § 1983 ("Section 1983"), violations of the Due Process, Takings, and Excessive Fines Clauses of the U.S. Constitution.  *See* Complaint, DE [1].

       By way of the proposed Amended Complaint, L&S seeks to assert an additional cause of action pursuant to Section 1983 for violation of the Double Jeopardy Clause of the Fifth Amendment.  *See* Proposed Amended Complaint ("Am. Compl."), DE [20-1]. Defendants oppose.  *See* Defendants' Opposition ("Opp."), DE [21].  In the event

that Plaintiff's Motion is granted, Plaintiff further seeks a 60-day extension of the present case deadlines, to which Defendants consent.  *See* DE [22].  For the reasons set forth herein, the Court determines that L&S's proposed amendment is futile and therefore denies Plaintiff's Motion.  As a result, Plaintiff's application for an extension of case deadlines is denied.

I.     BACKGROUND

Unless otherwise indicated, the facts set forth herein are taken from the proposed Amended Complaint, *see* Am. Compl., the parties' motion papers and annexed exhibits, and are accepted as true for purposes of this Memorandum and Order.  The Court limits its recitation to those facts relevant to Plaintiff's Motion.

L&S is the owner of certain real property in the Town of Hempstead, New York (the "Town"), on which Plaintiff operates a motel known as the Capri Motor Inn (the "Motel").  Am. Compl. ¶ 13.  On July 27, 2023, L&S received a letter from the Buildings Department advising Plaintiff that a "predicate arrest" occurred at the Motel on July 24, 2023 and that "upon the occurrence of a second predicate arrest" the Town Board could commence a proceeding to declare the Motel a public nuisance and close the business.  *Id.* ¶ 24.  On August 7, 2023, Buildings Department employees informed L&S that the Town was closing the business and issued summonses to Plaintiff for alleged criminal violations of Chapter 91 of the Town Code ("Chapter 91").  *Id.* ¶ 28.

Chapter 91 makes it unlawful "for any person or legal entity to be the owner, lessee or otherwise in control of a building or structure which has become a public

2

nuisance." Opp., Ex. A, Chapter 91, § 91-3.  A "public nuisance" is defined as "any building or structure . . . wherein at least two predicate offenses have been alleged by the Nassau County police . . . to have occurred, resulting in at least two predicate arrests for any thereof within any twelve-month period." *Id.* § 91-2.  A "predicate offense" refers to violations of several criminal statutes, including, *inter alia,* controlled substance offenses, prostitution offenses and unlawful dealing with a child. *Id.*  A "predicate arrest" is an arrest for a violation of a predicate offense. *Id.*

Chapter 91 authorizes the Town to institute an action in court "to enjoin further occupancy of [the public nuisance], for a period of up to three years from the date of the second predicate arrest . . . [and] to seek a temporary restraining order and/or preliminary injunction to remove such occupancy and secure the premises therefrom." *Id.* § 91-5(A).  Following notice and a hearing, the Town Board is also authorized to declare a building or structure a public nuisance and direct that the building or structure "be physically boarded up and secured from further occupancy for a period of up to one year from the date of such declaration." *Id.* § 91-5(B).  The Buildings Department is also empowered to proceed with prosecutions for violations of Chapter 91 in Nassau County District Court. *Id.* § 91-5(A).  A violation of § 91-3 is punishable by a fine of $1,000 and/or 15 days' imprisonment. *Id.* § 91-6(A).  The stated purpose of Chapter 91 is to "provide a substantial tool to help the police in its [*sic*] continuing efforts to permanently rid our neighborhoods of [public nuisances] and to maintain our prized quality of life." *Id.* § 91-1.

On or about August 7, 2023, the Buildings Department placed a large sign on the door of the Motel stating that the Motel was an "unsafe structure" and a "public nuisance." Am. Compl. ¶ 29. Defendant also drilled padlocks into the Motel's exterior and interior doors to prevent anyone from entering. *Id.* The Town Board held a hearing on August 31, 2023 and September 6, 2023, and thereafter voted to declare the Motel a public nuisance and close the Motel for one year. *Id.* ¶¶ 37, 48. L&S alleges that Defendants acted outside the scope of their authority and closed the Motel without notice, an opportunity to be heard or a determination based on credible and substantial evidence, causing Plaintiff ongoing financial harm. *Id.* ¶ 2.

Based on the foregoing, on September 14, 2023, L&S filed a complaint against Defendants, asserting, *inter alia,* violations of the Due Process, Takings, and Excessive Fines Clauses pursuant to Section 1983. *See generally* Complaint, DE [1]. Discovery proceeded according to a schedule set by this Court. *See* DEs [15] – [17].

On September 19, 2023, a criminal action was commenced against Plaintiff in the District Court of Nassau County for violations of Chapter 91 (the "Criminal Action"). Am. Compl. ¶ 51. That same day, Defendants commenced a civil action against L&S in Nassau County Supreme Court, seeking to have the Motel closed for three years pursuant to Chapter 91 § 91-5(A) (the "Civil Action"). *Id.* ¶ 52. On April 1, 2024, the Criminal Action was dismissed for failure to prosecute. *Id.* ¶ 53.

Via Plaintiff's Motion, L&S now seeks to amend the Complaint to assert a cause of action for violation of the Double Jeopardy Clause. *See* Pl. Mot. For the reasons set forth below, the Court determines that L&S's proposed amendment is

4

futile and therefore denies Plaintiff's Motion. As a result, Plaintiff's application for an extension of case deadlines is denied.

## II.     LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), courts have discretion to allow parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires."); *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave when justice so requires, and such leave is in the court's discretion.") (internal quotation omitted). The amendment standard is liberal so as to permit plaintiffs "to assert matters that were overlooked or were unknown at the time of the original complaint or answer." *RCX I, LLC v. Pitter-Nelson*, No. 11-cv-03513, 2014 WL 5809514, at *5 (S.D.N.Y. Nov. 6, 2014) (internal quotation marks, citation and alterations omitted); *see Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("[Fed. R. Civ. P.] 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Leave to amend should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015).

### III. DISCUSSION

Plaintiff seeks to amend the Complaint to allege an additional cause of action for violation of the Double Jeopardy Clause of the Fifth Amendment pursuant to Section 1983. Pl. Mot., 1. L&S argues that Defendants may not pursue the Civil Action following the dismissal of the Criminal Action because the two actions arise from the same factual predicate. *Id.* 1-2. Defendants oppose, arguing that any such amendment would be futile because civil forfeiture penalties are not punishments for the purposes of the Double Jeopardy Clause. *See* Opp., 3. The Court agrees.

For the reasons set forth below, the Court determines that L&S's proposed amendment is futile and therefore denies Plaintiff's Motion. As a result, Plaintiff's application for an extension of case deadlines is denied.

### A. <u>Double Jeopardy Clause</u>

Under the Double Jeopardy Clause of the Fifth Amendment, "no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb.'" *Hudson v. United States*, 522 U.S. 93, 98, 118 S. Ct. 488, 493 (1997) (quoting U.S. Const., Amend. V). The Clause, however, does not prohibit the imposition of all additional sanctions that could be described as punishment, but rather only protects against the imposition of multiple *criminal* punishments for the same offense. *See id.*

To determine whether a penalty is criminal or civil, courts must first look to the label, if any, applied by the legislature. *United States v. Ward*, 448 U.S. 242, 248, 100 S. Ct. 2636, 2641 (1980). Even where the penalty is labeled "civil," courts then examine whether the statutory scheme is "so punitive either in purpose or effect so

6

as to negate that intention." *Id*. at 249. In making this determination, a number of factors are instructive:

> (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment-retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

*Hudson*, 522 U.S. at 99-100, 118 S. Ct. at 493 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 567-68 (1963)). "'These factors must be considered in relation to the statute on its face' and 'only the clearest proof' will suffice to override legislative intent and transform what has been demonstrated a civil remedy into a criminal penalty." *Hudson*, 522 U.S. at 100, 118 S. Ct. at 493 (quoting *Kennedy*, 372 U.S. at 169, 83 S. Ct. at 568 and *Ward*, 448 at 249, 100 S. Ct. at 2641-42). With respect to forfeiture proceedings, the Supreme Court "consistently has found civil forfeitures not to constitute punishment under the Double Jeopardy Clause." *United States v. Ursery*, 518 U.S. 267, 288, 116 S. Ct. 2135, 2147 (1996).

> B. **<u>Plaintiff's Proposed Double Jeopardy Claim</u>**

Applying the above standards, the Court first must look to the text of Chapter 91. At the outset, the Court notes that the phrases "civil penalty" and "civil forfeiture" are not used in the statute itself. The procedure at issue in the Civil Action, however, authorizes Defendants to seek a court order enjoining occupancy of the building or structure determined to be a nuisance for a period of three years. *See* Chapter 91, § 91-5(A). This remedy is delineated as "in addition to any district court prosecution,"

7

*id.,* for which the penalty is a $1,000 fine or 15 days imprisonment. *See id.* § 91-6(A). Accordingly, it appears that the Town legislature intended § 91-5(A) to be a civil remedy distinct from the potential criminal penalties for violation of Chapter 91.

This conclusion does not end the inquiry, however. Applying the factors enumerated in *Hudson*, the Court determines that the Civil Action is not "so punitive either in purpose or effect" so as to constitute a criminal punishment. *Ward*, 448 at 249, 100 S. Ct. at 2641. With respect to the first and second factors, although the procedure at issue may involve "an affirmative disability or restraint," *Hudson,* 522 U.S. at 99, 118 S. Ct. at 493, it can be analogized to civil forfeiture proceedings, which the Supreme Court has historically found to not implicate the Double Jeopardy Clause. *See Ursery,* 518 U.S. at 288, 116 S. Ct. at 2147; *Various Items of Personal Property v. United States*, 282 U.S. 577, 581, 51 S. Ct. 282, 284 (1931) ("The forfeiture is no part of the punishment for the criminal offense."). Black's Law Dictionary defines forfeiture as "[a]n *in rem* proceeding brought by the government against property that either facilitated a crime or was acquired as a result of criminal activity." Forfeiture, Black's Law Dictionary (12th ed. 2024). Here, Defendants seek a court order enjoining occupancy and use of a building or structure determined to be a public nuisance, which is predicated upon that building or structure having been the site of at least two criminal offenses. *See* Chapter 91, §§ 91-2, 91-5(A). As such, these proceedings can be categorized as an action brought against property that facilitated a crime – a forfeiture. Therefore, the Civil Action does not involve a

8

sanction "historically [] regarded as a punishment." *Hudson,* 522 U.S. at 99, 118 S. Ct. at 493.

As to the third factor, there is no indication in the statutory text as to whether the Civil Action requires a finding of *scienter*, so this factor is at most neutral. With respect to the fourth factor, although the nuisance proceeding is intended as a deterrent, "the mere presence of this purpose is insufficient to render [the] sanction criminal, as deterrence may serve civil as well as criminal goals." *Hudson*, 522 U.S. at 105, 188 S. Ct. at 496 (internal quotation marks omitted). Forfeiture "prevents illegal uses 'both by preventing further illicit use of the [property] and by imposing an economic penalty, thereby rendering illegal behavior unprofitable.'" *Bennis v. Michigan*, 516 U.S. 442, 452, 116 S. Ct. 994, 1000, 134 L. Ed. 2d 68 (1996) (quoting *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 687, 94 S. Ct. 2080, 2094 (1974)). Here, the Civil Action both prevents further use of the Motel and imposes an economic penalty on Plaintiff.

The fifth factor – whether the behavior to which Chapter 91 applies is already a crime – weighs in favor of the conclusion that the Civil Action is a punishment because § 91-3 makes the ownership of a public nuisance a crime. The remaining factors, however, support the opposite conclusion. As to the sixth factor, an "alternative purpose" other than punishment may be assigned to the nuisance proceedings. *Hudson*, 522 U.S. at 99, 118 S. Ct. at 493. Chapter 91's stated purpose is to provide law enforcement with an additional tool to rid the Town of perceived dangers to the community. *See* Chapter 91, § 91-1. Lastly, the procedure outlined in

9

§ 91-5(A) does not appear "excessive in relation to the alternative purpose assigned." *Hudson*, 522 U.S. at 100, 118 S. Ct. at 493.

Considering the *Hudson* factors together, the Court concludes that the nuisance proceedings pursuant to § 91-5(A) of Chapter 91 are not a criminal punishment for the purposes of the Double Jeopardy Clause. As a result, Plaintiff's proposed Double Jeopardy claim fails as a matter of law. *See Ezennwa v. United States,* No. 93-CV-2789 (FB), 1997 WL 63318, at *3 (E.D.N.Y. Feb. 12, 1997) (finding double jeopardy claim failed as a matter of law where sanction is not a criminal punishment). Accordingly, L&S's proposed amendment is futile and Plaintiff's motion for leave to amend the Complaint is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court determines that L&S's proposed amendment is futile and therefore denies Plaintiff's Motion. Further, Plaintiff's application for an extension of case deadlines is denied.

Dated:   Central Islip, New York
         July 16, 2024                         /s/ Steven I. Locke
                                               STEVEN I. LOCKE
                                               United States Magistrate Judge

10